IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:23-CR-00068-ALM-AGD |
| | § | |
| FREDERICK NYANTAKYI (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Frederick Nyantakyi's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on October 31, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Steven Hayden. The Government was represented by Heather Rattan.

Defendant was sentenced on July 13, 2022, before the Honorable Jesse M. Furman of the Southern District of New York after pleading guilty to the offenses of Count 1: Conspiracy to Commit Wire Fraud (Class C felony); Count 2: Conspiracy to Make False Statements to a Bank and to Receive Stolen Money (Class D felony); and Count 3: Conspiracy to Commit Money Laundering (Class C felony). These offenses carried a statutory maximum imprisonment term of 20 years on Counts 1 and 3, and 5 years on Count 2. The guideline imprisonment range, based on a total offense level of 24 and a criminal history category of I, was 51 to 63 months (Counts 1 and 3). Based upon a § 5K1.1 departure, Defendant was subsequently sentenced to Time Served followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include compliance with immigration laws, credit restriction, search condition, be supervised within the district of residency, follow conditions set forth in a separate order under seal, and a $300 special assessment. On July 13, 2022, Defendant completed his period

of imprisonment and began service of the supervision term in the Eastern District of Texas. On March 13, 2023, the Court imposed the special condition of Cognitive Based-Theft Shoplifting curriculum in response to Defendant's arrest for Theft of Property-Less Than $100. On March 28, 2023, this case was reassigned to U.S. District Judge Amos L. Mazzant, III.

On May 21, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed). The Petition asserts that Defendant violated twenty-four (24) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (2) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (3) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (4) <u>Standard Condition</u> Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (5) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (6) <u>Standard Condition</u> Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (7) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (8) <u>Standard Condition</u> Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (9) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (10) <u>Standard Condition</u> Defendant must not communicate or interact

with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (11) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (12) <u>Standard Condition</u> Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (13) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (14) <u>Standard Condition</u> Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (15) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (16) <u>Standard Condition</u> Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (17) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (18) <u>Standard Condition</u> Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (19) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (20) <u>Standard Condition</u> Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact

with that person without first getting the permission of the probation officer; (21) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (22) <u>Standard Condition</u> Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (23) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; and (24) <u>Standard Condition</u> If Defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours. (Dkt. #2 at pp. 1–5, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On November 21, 2022, Defendant received a Class C misdemeanor citation, issued by Frisco Police Department, for committing the offense of Theft of Property – Less Than $100. Per the Incident Report, Defendant was observed attempting to leave Walmart without paying for some of the items in his possession; the total loss was $87.94. A Frisco Municipal Court representative confirmed this offense was dismissed on August 24, 2023, with an agreement that Defendant pay a $250 fine from a previous Failure to Appear citation. Defendant paid the fine on September 22, 2023; (2) On March 13, 2024, Defendant self-surrendered to Collin County Detention Center-McKinney, Texas, and was arrested on an outstanding warrant issued by West Police Department, for committing the offense of Fraudulent Use and Possession of Identifying Information, occurring on September 26, 2023. Per the offense report, Defendant attempted to purchase a vehicle from Selective Autoplex in Carrollton, Texas using the name and identification of the alleged victim, J. Gregory. On this same date, Defendant posted a $10,000 bond and remained free as of the writing of the Petition. This offense remained pending in the judicial courts of McLennan County, Texas as of the writing

of the Petition; (3) & (4) From August through October 2023, Defendant committed the offenses of Bank Fraud and Conspiracy to Commit Wire Fraud, as he deposited and withdrew from a Regions Bank account ending in 7367, which was fraudulently created and opened by a co-conspirator, John Otumbe. The rightful account holder and victim's name is Z. Vollmer. Per the offense report, Z. Vollmer affirmed to U.S. Secret Service agents that he did not open, nor did he authorize the bank account ending in 7367 to be opened at Regions Bank using his personal identifiers. It is noted that Defendant was observed via video surveillance utilizing this bank account at Regions Bank locations in Dallas, Texas and Frisco, Texas; (5) & (6) On September 22, 2023, Defendant committed the offenses of Bank Fraud and Conspiracy to Commit Wire Fraud, as he maintained access and control of $18,200—funds fraudulently wired from Total Choice Federal Credit Union, a financial account of victim A. Freeman. The funds were wired into a Regions Bank account ending in 7367, and this bank account was fraudulently created and opened by a coconspirator, John Otumbe. Defendant made withdrawals from these fraudulently received funds. Per the offense report, the victim, A. Freeman, affirmed to U.S. Secret Service Agents that he did not authorize a wire transfer of funds from his account. It was determined that Defendant used Mr. Freeman's personal identifiers in establishing online banking which enabled this fraudulent wire transaction; (7) & (8) From August through September 2023, Defendant committed the offenses of Bank Fraud and Conspiracy to Commit Wire Fraud, as he withdrew funds from a Regions Bank account fraudulently created and opened by a co-conspirator. This account was created using the personal identifiers of victim D. Werner, to create and open a Regions Bank account ending in 7685, in which numerous wire transactions were deposited. Defendant possessed access to and control of this account ending in 7685. Per the offense report, the victim, D. Werner, affirmed to U.S. Secret Service Agents that he did not open, nor did he

authorize the bank account ending in 7685 to be opened at Regions Bank using his personal identifiers. It was determined that Mr. Werner's personal identifiers were used in establishing online banking which enabled these fraudulent wire transactions; (9) & (10) On August 4, 2023, Regions Bank account ending in 7685, received $16,540, via fraudulent wire transfer, from victim N. Parks' financial account with Lincoln S.D.A. Credit Union. Defendant possessed access to and control of the account ending in 7685 and withdrew funds from this account pretending to be accountholder D. Werner. Defendant therein committed the offenses of Bank Fraud and Conspiracy to Commit Wire Fraud, as he withdrew funds from a Regions Bank account fraudulently created and opened by a co-conspirator, John Otumbe. Per the offense report, the victim, N. Parks, affirmed to U.S. Secret Service agents that he did not authorize a wire transfer of funds from his account. It was determined that Mr. Parks' personal identifiers were used in establishing online banking which enabled this fraudulent wire transaction; (11) & (12) On August 10, 2023, Regions Bank account ending in 7685, received $14,600, via fraudulent wire transfer from victim N. Parks' account with Lincoln S.D.A. Credit Union. Defendant possessed access to and control of the account ending in 7685 and withdrew funds from this account pretending to be accountholder D. Werner. Defendant therein committed the offenses of Bank Fraud and Conspiracy to Commit Wire Fraud, as he withdrew funds from a Regions Bank account fraudulently created and opened by a co-conspirator, John Otumbe. Per the offense report, the victim, N. Parks, affirmed to U.S. Secret Service agents that he did not authorize a wire transfer of funds from his account. It was determined that Mr. Parks' personal identifiers were used in establishing online banking which enabled this fraudulent wire transaction; (13) & (14) On August 31, 2023, Regions Bank account ending in 7685, received $18,400, via fraudulent wire transfer from victim N. Parks' account with Lincoln S.D.A. Credit Union. Defendant possessed access to

and control of the account ending in 7685 and withdrew funds from this account pretending to be accountholder D. Werner. Defendant therein committed the offenses of Bank Fraud and Conspiracy to Commit Wire Fraud, as he withdrew funds from a Regions Bank account fraudulently created and opened by a co-conspirator, John Otumbe. Per the offense report, the victim, N. Parks, affirmed to U.S. Secret Service agents that he did not authorize a wire transfer of funds from his account. It was determined that Mr. Parks' personal identifiers were used in establishing online banking which enabled this fraudulent wire transaction; (15) & (16) On August 23, 2023, Regions Bank account ending in 7685, received $11,200, via fraudulent wire transfer from victim J. Weinrich's account with Dale Employees Federal Credit Union. Defendant possessed access to and control of the account ending in 7685 and withdrew funds from this account pretending to be accountholder D. Werner. Defendant therein committed the offenses of Bank Fraud and Conspiracy to Commit Wire Fraud, as he withdrew funds from a Regions Bank account fraudulently created and opened by a co-conspirator, John Otumbe; (17) & (18) On August 28, 2023, Regions Bank account ending in 7685, received $17,200, via fraudulent wire transfer from victim T. Gradisher's account with Main Impact Federal Credit Union. Defendant possessed access to and control of the account ending in 7685 and withdrew funds from this account pretending to be accountholder D. Werner. Defendant therein committed the offenses of Bank Fraud and Conspiracy to Commit Wire Fraud, as he withdrew funds from a Regions Bank account fraudulently created and opened by a co-conspirator, John Otumbe. Per the offense report, the victim, Gradisher, affirmed to U.S. Secret Service agents that he did not authorize a wire transfer of funds from his account. It was determined that Gradisher's personal identifiers were used in establishing online banking which enabled this fraudulent wire transaction; (19) & (20) On September 6, 2023, Regions Bank account ending in 7685, received $18,600, via fraudulent wire

transfer from victim V. Logsdon's account with Louisville Gas and Electric Credit Union. Defendant possessed access to and control of the account ending in 7685 and withdrew funds from this account pretending to be accountholder D. Werner. Defendant therein committed the offenses of Bank Fraud and Conspiracy to Commit Wire Fraud, as he withdrew funds from a Regions Bank account fraudulently created and opened by a co-conspirator. Per the offense report, the victim, V. Logsdon, affirmed to U.S. Secret Service agents that he did not authorize a wire transfer of funds from his account. It was determined that Logsdon's personal identifiers were used in establishing online banking which enabled this fraudulent wire transaction; (21) & (22) On October 2, 2023, Regions Bank account ending in 7685, received $18,400, via fraudulent wire transfer from victim G. Jeffcoat's account with Valex Federal Credit Union. Defendant possessed access to and control of the account ending in 7685 and withdrew funds from this account pretending to be accountholder D. Werner. Defendant therein committed the offenses of Bank Fraud and Conspiracy to Commit Wire Fraud, as he withdrew funds from a Regions Bank account fraudulently created and opened by a co-conspirator, John Otumbe. Per the offense report, a representative of the Valex Federal Credit Union affirmed to U.S. Secret Service agents that Mr. Jeffcoat's online banking had been compromised; and (23) & (24) On May 6, 2024, Defendant received a traffic citation from Roanoke Police Department. As of the writing of the Petition, Defendant failed to notify the probation officer of this law enforcement contact. (Dkt. #2 at pp. 1–5, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1–24 in the Petition. Having considered the Petition and the plea of true to allegations 1–24, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of thirty-six (36) months, with no term of supervised release to follow.

The court further recommends that Defendant be housed in a Bureau of Prisons facility in the Fort Worth, Texas area, if appropriate.

**SIGNED this 21st day of November, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE